**FILED**

FEB - 4 2016

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| MICHAEL SHENEMAN, ) | |
| ) | |
| Plaintiff, ) | Case: 1:16-cv-00181 |
| ) | Assigned To : Unassigned |
| v. ) | Assign. Date : 2/4/2016 |
| ) | Description: Pro Se Gen. Civil |
| A.U.S.A. BARBARA BROOK, *et al*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the Court on the plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The Court will grant the application and dismiss the complaint.

The plaintiff alleges that defendants entered into "a scheme to wrongfully convict" him. Compl. at 2 (page numbers designated by the Court). For example, he alleges, the prosecutor himself made "false and misleading statements" to the jury and had a witness "further misinform the jury." *Id.* In general, he asserts, "[t]he trial and investigation [preceding it were acts] of willfull [sic] blindness as to the truth," *id.*, that he "did not engage in wire fraud," *id.* at 3. Because defendants allegedly deprived him of his right to a fair trial, *see id.* at 2, plaintiff "seek[s] 10 million in damages," *id.* at 3.

Prosecutors are absolutely immune from a suit for damages, *see Imbler v. Patchman*, 424 U.S. 409, 427 (1976), as are witnesses who testify in court proceedings, *see Briscoe v. LaHue*, 460 U.S. 325, 335 (1983). Insofar as the plaintiff brings this action as an attack on his criminal conviction and sentence, this is not a subject over which the Court has jurisdiction. *See, e.g., Burnell v. Office of the Attorney General of the United States*, No. 1:14-cv-02206, 2014 WL 7411036, at *1 (D.D.C. Dec. 30, 2014) (dismissing plaintiff's "challenge to his criminal sentence

in the guise of a civil rights complaint"), *appeal filed*, No. 15-5027 (D.C. Cir. Jan. 29, 2015). To the extent a remedy is available to the plaintiff, his claim must be addressed to the sentencing court in a motion under 28 U.S.C. § 2255. *See Taylor v. U.S. Bd. of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952) (stating that a motion to vacate under 28 U.S.C. § 2255 is the proper vehicle for challenging the constitutionality of a statute under which a defendant is convicted); *Ojo v. Immigration & Naturalization Serv.*, 106 F.3d 680, 683 (5th Cir. 1997) (explaining that the sentencing court is the only court with jurisdiction to hear a defendant's complaint regarding errors that occurred before or during sentencing).

An Order is issued separately.

DATE: Feb. 3, 2016

United States District Judge
J. Boasberg